NO. 07-07-0239-CR and 07-07-0240-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 31, 2007
_____

KEVIN MIKEL BRASHEARS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 2  OF POTTER COUNTY;

NO. 116503-2; 116851-2; HONORABLE PAMELA COOK SIRMON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Kevin Mikel Brashears filed notices of appeal from his convictions of May 15, 2007.  On June 13, 2007, the trial court granted a motion to withdraw filed by appellant's appointed counsel.  No attorney was appointed to represent appellant on appeal.  The clerk's record and reporter's record have not been filed.

On August 24, 2007, we abated these appeals, and remanded them to the County Court at Law No. 2 of Potter County to determine whether appellant desired to prosecute the appeals, and whether appellant is indigent and entitled to appointed counsel.[1]  During the hearing held on September 10, 2007, at which appellant appeared, the trial court determined that appellant desired to prosecute these appeals but was not indigent and not entitled to appointed counsel.  We reinstated appellant's appeals on our receipt of the supplemental record of the hearing.

The trial court clerk and reporter filed requests for extension, stating they were unable to file the records because appellant had not paid or made arrangements to pay for them.  By letters of October 26, 2007, this Court directed appellant to file written verification, by November 15, 2007, of his compliance with Texas Rules of Appellate Procedure 34.6(b)(1), 35.3(a)(2) and 35.3(b),[2] or a reasonable explanation for his non-compliance.  We advised appellant that failure to comply could result in dismissal of the appeals for want of prosecution.[3]  Tex. R. App. P. 37.3(b).  Appellant has not responded to our letters.  Nor have we received the clerk's record, the reporter's record, or written verification that appellant has made payment arrangements for either record.

---

[1] *Brashears v. State,* Nos. 07-07-0239-CR, 07-07-0240-CR, 2007 WL 2409754 (Tex.App.–Amarillo, August 24, 2007).

[2] We also granted the requests for extensions of time to file the clerk's record and reporter's record, providing a new due date of December 10, 2007.

[3] With respect to the reporter's record, our letters advised appellant his failure to comply with our directive could result in the due date for his brief being set, pursuant to appellate rule 37.3(c).

The record before us contains the trial court's finding appellant is not indigent. Tex. R. App. P. 20.2. We find the trial court clerk has failed to file the clerk's record in these appeals because appellant has failed to pay or make arrangements to pay for preparation of the record, and find that appellant has had a reasonable opportunity to cure his failure to do so. Accordingly, we dismiss the appeals for want of prosecution. Tex. R. App. P. 37.3(b), 42.3(b), (c).

James T. Campbell
Justice

Do not publish.